ROBERT FLEMING v. JOHN B. COVINGTON.[1]

November 29, 1907.

Nos. 15,407—(82).

**Master and Servant—Verdict.**

In an action to recover for personal injuries alleged to have been caused by a vicious horse, the evidence is *held* sufficient to justify the verdict.

**Assignments of Error.**

Certain assignments of error considered, and *held* to present no reversible error.

Action in the district court for Ramsey county to recover $10,-000 for personal injuries alleged to have been caused by defendant's vicious horse. The case was tried before Bunn, J., and a jury which returned a verdict in favor of plaintiff for $965. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Donnelly & Haggard,* for appellant.

*Harry S. Swensen* and *E. R. Lynch,* for respondent.

BROWN, J.

Action to recover damages for personal injuries, in which plaintiff had a verdict, and defendant appealed from an order denying his alternative motion for judgment notwithstanding the verdict or for a new trial.

It appears from the record that the defendant is, and for a number of years has been, engaged in expressing and heavy teaming, in connection with which he owned and operated a number of teams. Plaintiff entered his employ as a teamster on June 25, 1906, and was placed in charge of a team of horses used for heavy team work. On the day following his employment, when he was unhitching his horses for the day preparatory to putting them in the stable for the night, one of them, a large, heavy horse, called "Duke," suddenly sprang forward, before he was completely unharnessed, in an attempt to break away and run about the yard. In an effort to prevent him from escaping, plaintiff

[1] Reported in 113 N. W. 1016.

was seriously injured.   He brought this action to recover damages on the claim that this particular horse was a vicious animal, in the habit of making plunges of this kind when being unhitched, of which defendant had full knowledge, and that he negligently failed to inform plaintiff of the fact.

The principal assignment of error challenges the sufficiency of the evidence to sustain a recovery by plaintiff.   It is claimed in this behalf that the evidence is wholly insufficient to show that the horse in question was of a vicious disposition, or that he had ever been in the habit of acting as he did on this occasion, to the knowledge of defendant, and therefore that the evidence falls short of making a cause of action.   We have examined the evidence with care, and, though a strong case for plaintiff was not made out, yet there is evidence reasonably tending to support the allegations of the complaint to the effect that the horse was vicious, to the knowledge of defendant, which fact was not communicated to plaintiff at the time he was employed. The jury resolved whatever doubt there may be in the case in plaintiff's favor.   Their conclusion was approved by the learned trial court, and, within the rule guiding this court, the order must be affirmed. It would serve no useful purpose to enter into a discussion of the evidence, and we refrain.

The other assignments of error have been considered, and found to disclose no error of a substantial nature by which defendant was in any material respect prejudiced.

Order affirmed.